# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-597V
UNPUBLISHED

| | |
|---|---|
| DANIEL ANDREWS<br>*Personal Representative of the*<br>Estate of NANCY ANDREWS,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX*, for petitioner.

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC*, for respondent.

## RULING ON ENTITLEMENT[1]

On April 22, 2019, Nancy Andrews[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) after receiving an influenza (flu) vaccination on October 21, 2017.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The filing Petitioner, Nancy Andrews, passed away on June 10, 2020. ECF No. 22. Petitioner's son, as the personal representative of the Estate of Nancy Andrews, substituted the decedent as Petitioner on October 9, 2020. ECF No. 24.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 9, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent reviewed the facts of this case and concluded that Petitioner's claim meets the Vaccine Table Criteria for SIRVA. *Id.* at 7. Respondent found that Petitioner "had no history of pain, inflammation, or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain her symptoms . . . ." and that she "suffered the residual effects or complications of her injury for more than six months after vaccine administration." *Id*. at 7-8 (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master